FILED

August 17, 2015

2015 AUG 16 PM 11: 46

*Jan O Bright*
COUNTY CLERK
HAYS COUNTY, TEXAS

## NOTICE OF MOTION TO DISMISS FOR CAUSE

**TRIAL COURT CAUSE NUMBER:** 14-0679-C

**COURT OF APPEALS NUMBER:** 03-15-00471-CV

| | |
|---|---|
| **Plaintiff:** | **Defendant:** |
| Mr. Troy Bolen SBN: 24006199 | Ms. Rose M. Geister |
| Zwicker and Associates P.C. | 156 Granite Shoals Drive |
| Old Town Square Suite 301 | Kyle, Texas 78640 |
| 1 Chisholm Trail | (512) 644-7221 |
| Round Rock, Texas 78681 | rmg721@comcast.net |
| (512) 218-0488 | |
| zaxattorneys@zwickerpc.com | |
| **Attorneys For:** | |
| **Discover Bank** | |

I, Rose M. Geister, the defendant, would like to request this Motion to Dismiss for Cause.

RECEIVED

AUG 2 1 2015

THIRD COURT OF APPEALS
JEFFREY D. KYLE

The causes being:

1. Judge David Scott Glickler, failed to allow me to defend myself. He did not allow me to speak, saying after a minute or two, "that he was not listening to another word I say because, he had already made up his mind". Paul Swearingen, the person standing in for Troy Bolen, (the lead attorney with Zwicker and Associates, was permitted to speak for about 15 minutes, reading from a notebook. Judge Glickler then stated "you had the chance to get yourself a lawyer too, but you chose not to". I stated, "that I could not afford a lawyer" and the Judge said, "I know", as he smiled broadly. I feel like I was totally discriminated against, in that court of law, and I feel that this discrimination was part of the cause that brought

about the end result, of a Summary Judgment against me.

2. Failure to follow thru, on the twice requested Validation of Debt.
I have also put thru, a Request for Production of documents.
I have asked the lawyer, Troy Bolen, representing the collection
company, (and they are required by law to do so), for the original
agreement, with my signature. I have also requested they produce
all of the receipts, for every transaction that I have engaged in,
during the entire life of the use of that credit card, I have requested
that they show what I purchased in each of those transactions, and
I have requested that they produce my payment record.
All of this is legal, and all of it is required, for them to properly enter
the court.
When the collection company filed suit, they did not attach a copy
of the original contract with my credit card company, and this is
required by law.
I, the defendant, is without information or knowledge sufficient to
form an opinion as to the truth, or accuracy of plaintiff's claim, and
based on that, I deny generally, and specifically, plaintiff's claim.
I had asked to see a contract, that I had signed, repeatedly in court,
and was ignored repeatedly, by the Judge, and the lawyer for plaintiff.
Zwicker and Associates sued for summary judgment, on the basis of
Breach of Contract. I have yet to see a contract signed by me.

3. Plaintiff has failed to state a claim upon which relief may be granted.
Either no statute was cited, or the complaint fails to state facts
sufficient to constitute a cause of action against me, the defendant.
Listing the facts may be enough to file a claim, but the plaintiff merely
claims that the defendant owes money, and that is not enough.
Plaintiff's claim demands monies for an alleged debt, for which no
proof of said debt, nor proof of ownership of said debt, has been
has been verified and exhibited.

4. Insufficient specificity in a pleading.
When a lawyer for the collection company seeks damages based on a

contractual relationship, an agreement or contract, and these damages are ascertainable, based on that contract or agreement, then the lawyer is required to plead on those damages specificity.

5. Repudiation.
   Plaintiff is not an assignee for any purported agreement, and plaintiff has not offered any evidence to the contrary. As there is no proof offered, assuming that it exists, would create an unfair prejudice against me, the defendant.

6. Defendant claims Lack of Privity, as defendant has never entered into contractual or debtor/creditor arrangements with plaintiff.
   Because there is no agreement between the collector and the alleged debtor, no collection can be sustained.

7. Plaintiff's complaint violates the Statute of Frauds.
   Plaintiff claims to have a contract with me, the defendant.
   Thus, plaintiff has to produce it. Because such a contract, falls within a class of contracts or agreements, required to be in writing. The purported contract, or agreement alleged in the complaint was not in writing, and was not signed by defendant. There was no "meeting of minds", I did not come to any agreement with the collection company. I am citing the Statute of Frauds, because the collection company cannot provide the same services as the original credit card company, it is a breach of contract, thus, I invoke the Statute of Frauds.

   The Fair Debt Collection Practices Act requires all debt collectors to validate the collection upon the request of the purported debtor.
   I have twice asked for validation of the debt, and have not received it.
   If the collector cannot do so, he is acting illegally, using trickery and deceit to win.
   I am fighting back simply by using the law, and my legal rights.

   Also, Freedom Debt Relief, my power of attorney, where certain debts are concerned, including Discover Bank, has settled with them on July 31, 2015, for an amount of 5435.00.

This could have been settled before the judgment was granted, but the collection company wanted the judgment, in order to intimidate me, harass me, and ask for more trumped up amounts of money.
I have the proof in paperwork they have sent me, and asked me to sign, and, of course I did not sign.

Respectfully submitted by:

Rose M. Geister
156 Granite Shoals Drive
Kyle, Texas 78640
(512) 644-7221
rmg721@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was this date served

upon all counsel of record by placing a copy of the same in the United States

mail, postage prepaid, and sent to their last address.

Sent by regular mail to:

Attn: Jeffrey Kyle

Court of Appeals

Third District of Texas

P.O. Box 12547

Austin, Texas 78711-2547

On this 19th, day of August, 2015

Respectfully submitted by:

Rose M. Geister

156 Granite Shoals Drive

Kyle, Texas 78640

August 18, 2015

Trial Court Cause Number:    14-0679-C

Court of Appeals Number:    03-15-00471-CV

FILED

2015 AUG 19 AM 9:28

COUNTY CLERK
HAYS COUNTY, TEXAS

### Amended Copy of Notice of Motion to Dismiss for Cause

This amendment will clarify as to what I am requesting to be dismissed.

I am asking for the trial judge's decision to be dismissed for the causes that are attached to this amendment.

I thank you in advance for your time.

Respectfully submitted by:

Rose M. Geister
156 Granite Shoals Drive
Kyle, Texas 78640
(512) 644-7221
rmg721@comcast.net

RECEIVED
AUG 2 1 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

R.M. GEISTER
156 GRANITE SHOALS DRIVE
KYLE, TEXAS 78640

AUSTIN, TX
AUG 20 2015
78710

AUSTIN, TX
AUG 20 2015
78710

Liberty
Freedom
Justice
Equality

ATTN. JEFFREY KYLE
Court of Appeals
3RD District
P.O. Box 12547
Austin, Texas 78711-2547

**HANDLE WITH CARE**

**Scotch**

**Scotch**
**Bubble Mailer**